Ralph F. Ambrosio, Esq. Village Attorney, Catskill
You have asked whether a village is authorized to establish fees to be paid by developers making applications to the planning board. You have indicated that you envision a fee schedule for planning board legal expenses based upon the size and complexity of the proposed development.
You ask whether the planning board may be authorized to charge fees. Under State law, planning boards have the power to employ experts, clerks and a secretary and to pay for their expenses and other expenses that are necessary and proper not exceeding appropriations made for such purposes by the board of trustees (Village Law, § 7-720). While this provision does not contemplate the establishment of a fee schedule to be charged applicants before the planning board, we believe that a village by local law may provide for the establishment of such a fee schedule. It is well established that a village may enact a local law amending or superseding provisions of the Village Law dealing with zoning and planning, notwithstanding that the provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (see Kamhi v Town of Yorktown, ___ N Y 2d ___ [No. 193 dec 10/26/89], involving a parallel provision for towns; 1987 Op Atty Gen [Inf] 117). Local governments are specifically authorized to enact local laws establishing fees (Municipal Home Rule Law, §10[1][ii][a][9-a]).
Having established the authority for the enactment of a fee schedule, the question remains as to the parameters of such a schedule. In Synagogue vRoslyn Harbor, 40 N.Y.2d 158 (1976), the open-ended and unlimited nature of the fees authorized by the local ordinance made it vulnerable to attack on the ground that it overreached the State statute's grant of power to the village (40 N.Y.2d at 163). Fees should be assessed or estimated on the basis of reliable factual studies or statistics (ibid.).
 "Put another way, the yardstick by which the reasonableness of charges made to an applicant in an individual case may be evaluated is the experience of the local government in cases of the same type. Without the safeguard of a requirement that fees bear a relation to average costs, a board would be free to incur, in the individual case, not only necessary costs but also any which it, in its untrammeled discretion, might think desirable or convenient, no matter how oppressive or discouraging they might in fact be for applicants" (ibid.).
The Court noted that classes of applicants may be established by describing objective criteria (id., 40 N.Y.2d at 164). Where classifications are rational, fees for each class may be based on its average (ibid.). The Court found that a fee is not average when it is based on a sample of one (ibid.). In Synagogue, fees charged by the village were invalidated in that the local legislation provided for liability of the applicant for whatever expenses the board unilaterally might have decided to incur in a particular case, without making any attempt to determine reasonable charges (ibid.).
We conclude that a village board of trustees may enact a local law providing for fees to be charged applicants to the planning board. The fees established must be reasonable, based on reliable factual studies or statistics. Fee classifications may be established provided that they are rational.